UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, | 16 CV _____ |
| | |
| Petitioners, | **PETITION TO CONFIRM AN ARBITRATION AWARD** |
| -against- | |
| COASTAL ENVIRONMENTAL GROUP INC., | |
| Respondent. | |

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation, and the New York City District Council of Carpenters ("Petitioners" and/or the "Funds"), by and through their attorneys, Virginia & Ambinder, LLP, as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

## NATURE OF THE ACTION

1.      This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and/or section 9 of the Federal Arbitration Act, 9 U.S.C § 9, to confirm and enforce an Arbitrator's Award rendered

pursuant to a collective bargaining agreement ("CBA") involving the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity for Dockbuilders Local Union No. 1456 ("Union") and Coastal Environmental Group, Inc. ("Respondent").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4.      Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA.  The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5.      Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") (together, the ERISA Funds and the Charity Fund shall be referred to as the "Funds") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).  The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6.      Petitioner Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the Respondent.

7.      Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a New York not-for-profit corporation.

8.      Respondent is a corporation incorporated under the laws of the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.  Respondent maintains its principal place of business at 264 Sills Road, East Patchogue, NY 11772.

## THE ARBITRATION AWARD

9.      On or about September 9, 2010, Respondent executed the Independent Heavy Construction Dockbuilding Marine and Foundation Agreement (the "CBA") with the Union.  A copy of the CBA is annexed hereto as **Exhibit A**.

10.      Before the CBA lapsed, Respondent agreed to continue to be bound to the CBA through the signing of an Interim Compliance Agreement ("Interim Agreement").  A copy of the Interim Agreement is annexed here to as **Exhibit B.**

11.      Pursuant to the terms of the Interim Agreement, "the Agreement shall remain in full force and effective until Union negotiates the successor Agreement . . . ." *See* **Exhibit B**, Art. I.

12.      The CBA requires Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union.  *See* **Exhibit A**, Article XIII.

13.     The CBA requires Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.  *See* **Exhibit A**, Article XI, Section 5(b).

14.     The CBA further provides that "[i]t shall be a violation of [the CBA] for any signatory Employer to fail to furnish proper records when requested, for the purpose of completing an audit."  **Exhibit A**, Article XI, Section 6.

15.     The CBA provides that in the event that a "dispute or disagreement arise between the parties hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute . . . ."  **Exhibit A**, Article XI, Section 11.

16.     The CBA provides that "[i]n the event that proceedings are instituted before an arbitrator . . . to collect delinquent contributions to Benefit Fund or Funds, and such arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under this Agreement and Declaration of Trust establishing such Fund(s)."  *See* **Exhibit A**, Article XI, Section 5(g).

17.     The CBA provides that:

In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s), in accordance with the judgment of the court, and in lieu of any other liquidated damages, costs, attorney's fees and/or interest, the following:

    (a) the unpaid contributions; plus
    (b) interest on the unpaid contributions determined at the prime rate of Citibank plus two (2.0%) percent; plus
    (c) an amount equal to the greater of --
        (1) the amount of the interest charges on the unpaid contributions as determined in (b) above, or

> > (2) liquidated damages of twenty (20%) percent of the amount of the
> > unpaid contributions; plus
> (d) reasonable attorney's fees and costs of the action; and
> (e) such other legal or equitable relief as the court deems appropriate.

**Exhibit A**, Article XI, Section 5(f).

18. Petitioners conducted an audit of Respondent's books and records for the period October 8, 2010 through June 29, 2013 in order to determine whether Respondent had remitted the proper amount of contributions to the Funds. The audit revealed that Respondent failed to remit contributions in the principal amount of $30,343.96.

19. Pursuant to the CBA's arbitration clause, Petitioners initiated arbitration before the designated arbitrator, Roger E. Maher. Petitioners noticed said arbitration by having a Notice of Hearing sent to Respondent by regular and certified mail. A copy of the Notice of Hearing is annexed hereto as **Exhibit C**.

20. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated August 17, 2015, determining said dispute (the "Award"). A copy of the Award was delivered to Respondent. A copy of the Award is annexed hereto as **Exhibit D**.

21. The arbitrator found that Respondent violated the CBA when it failed to remit delinquent contributions to the Funds, and ordered Respondent to pay the Funds the sum of $57,926.01, consisting of a principal sum of delinquent contributions of $30,343.96, total interest of $4,485.56, liquidated damages of $6,105.95, late payment interest of $259.01, late payment interest non-audit of $736.73, promo fund of $254.80, court costs of $400.00, attorneys' fees of $1,500.00, the arbitrator's fee of $500.00, and audit costs of $13,340.00. *See* **Exhibit D**.

22. The arbitrator also found that interest of 5.25% will accrue on the principal deficiency of the Award from the date of the issuance of the Award. *See* **Exhibit D**.

23.     As of the date of this Petition, Respondent has failed to pay any portion of the Award.

24.     The Award has not been vacated or modified and no application for such relief is currently pending.

25.     Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to both Article XI, Section 5(f) of the CBA and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).  *See* **Exhibit A**.

26.     The Collection Policy further states that "[a]ttorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spent by Collection Counsel in collection efforts . . . ."  **Exhibit E**, Section V(6).

27.     Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are annexed hereto as **Exhibit F**.

28.     I, Todd Dickerson ("TD" in the accompanying billing records), am a 2013 graduate of the University of Illinois College of Law.  In November 2015, I joined V&A as an associate. In late May of 2016, I was promoted to the position of "Of Counsel."  I have regularly served as lead counsel for multiemployer employee benefit plans in ERISA litigation since joining V&A. Before joining V&A, I regularly served as lead counsel in labor and employment lawsuits in both state and federal court.  V&A billed my time at a rate of $225 per hour during my time as an associate.  During my time as "Of Counsel," V&A billed my time at a rate of $300 per hour.  *See* **Exhibit F**.

29.     Marc Tenenbaum ("MAT" in the accompanying billing records), is a 1989 graduate of The Ohio State University School of Law and a partner at V&A.  He has more than 25 years of

experience in ERISA litigation. V&A billed his time at a rate of $300 per hour for work performed in connection with this matter. *See* **Exhibit F**.

30. Milana Dostanitch ("MD" in the accompanying billing records), is a 2014 graduate of Fordham University School of Law, and an associate at V&A. Ms. Dostanitch's primary practice area is representation of multiemployer employee benefit plans in ERISA litigation. V&A billed Ms. Dostanitch's time at a rate of $225 per hour for work performed in connection with this matter. *See* **Exhibit F**.

31. Thomas Horgan ("TH" in the accompanying billing records), is a 2015 graduate of Creighton University School of Law, and an associate at V&A. V&A billed Mr. Horgan's time at a rate of $225 per hour for work performed in connection with this matter. *See* **Exhibit F.**

32. V&A billed the legal assistants' time at a rate of $100 per hour for work performed in connection with this action. *See* **Exhibit F**.

33. All of the above-referenced rates are the result of negotiations between V&A and the Funds regarding the proper hourly rates to compensate V&A's attorneys and legal assistants for their services.

34. V&A's total billings in this matter amount to $7,220 reflecting 32 hours of work. *See* **Exhibit F**.

35. In addition, V&A will advance $70 in service fees in connection with this matter. V&A will also advance $400 in court filing fees upon the filing of the instant petition.

36. A Proposed Judgment is attached hereto as **Exhibit G.**

**WHEREFORE,** Petitioners respectfully request that this Court:

(1) Confirm the Award in all respects;

(2)     Award judgment in favor of the Petitioners and against Respondent in the amount of $57,926.01 pursuant to the Award plus pre-judgment interest to be calculated at the per diem interest rate of $4.37[1] from August 18, 2015 through the date of judgment;

(3)     Award judgment in favor of the Petitioners and against Respondent in the amount of $7,220 in attorneys' fees and $470.00 costs arising out of this petition;

(4)     Award post-judgment interest at the statutory rate; and

(5)     Award Petitioners such other and further relief as is just and proper.

Dated:  New York, New York                          Respectfully submitted,
        July 28, 2016

                                                    **VIRGINIA & AMBINDER, LLP**


                                        By:  _____/s/_____
                                             Todd Dickerson, Esq.
                                             40 Broad Street, 7th Floor
                                             New York, New York 10004
                                             Telephone: (212) 943-9080
                                             Fax: (212) 943-9082
                                             *Attorneys for Petitioners*

---

[1] The basis for the calculation of the per diem prejudgment interest rate is further explained in the accompanying memorandum of law in support of the petition.