USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY                    :
DISTRICT COUNCIL OF CARPENTERS                   :
PENSION FUND, WELFARE FUND,                       :
ANNUITY FUND, AND APPRENTICESHIP,        :          1:16-cv-6004-GHW
JOURNEYMAN RETRAINING,                             :
EDUCATIONAL AND INDUSTRY FUND, *et al.*, :          MEMORANDUM OPINION
                                                                    :          AND ORDER
                                         Petitioners,    :
                                                                    :
                    -against-                               :
                                                                    :
COASTAL ENVIRONMENTAL GROUP, INC.,    :
                                                                    :
                                         Respondent.  :
---------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare

Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund;

the Trustees of the New York City Carpenters Relief and Charity Fund; the New York City and

Vicinity Carpenters Labor Management Corporation (the "Funds"); and the New York City District

Council of Carpenters (the "Union," and collectively with the Funds, the "Petitioners") seek to

confirm an arbitration award obtained against Coastal Environmental Group, Inc. ("Coastal" or

"Respondent") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29

U.S.C. § 185.[1]  For the following reasons, the award is confirmed.

---

[1] Petitioners styled their petition as one brought "under Section 502(a)(3) of the Employee Retirement Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and/or section 9 of the Federal Arbitration Act, 9 U.S.C. § 9."  ECF No. 8, Am. Pet. to Confirm Arbitration Award, ¶ 1.  The Court treats the petition as one brought under Section 301 of the LMRA.  The Court will not consider the petition under ERISA because "an action to confirm an arbitration award is not an appropriate vehicle for adjudication of ERISA claims for damages."  *Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987); *see also New York City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03-cv-5122 (DAB), 2003 WL 22773355, at *1 n.1 (S.D.N.Y. Nov. 21, 2003) (declining to consider the plaintiff's ERISA claims for the same reason).  Nor will the Court consider the petition under the FAA, since the FAA does not apply to actions within the scope of Section 301 of the LMRA.  *Santos v. Gen. Elec. Co.*, No. 10-cv-6948 (JSR), 2011 WL 5563544, at *8 & n.13 (S.D.N.Y. Sept. 29, 2011); *accord Westerbeke v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 222 (2d Cir. 2002) ("[T]he FAA is no longer applicable to actions to enforce arbitration awards brought pursuant to § 301 of the LMRA."); *see also id.* at 221-22

## I.   BACKGROUND

Pursuant to a collective bargaining agreement between Coastal and the Union (the "CBA"), Coastal was required to pay benefit contributions to the Funds at certain specified rates for all employees covered by the CBA.  ECF No. 16, Decl. of Chris Ozard ("Ozard Decl."), ¶ 10 & Ex. A, at 29-35.[2]  The CBA also required Coastal to furnish its books and payroll records when requested by the Funds to ensure that Coastal had made all required benefit contributions.  *Id.* ¶ 11 & Ex. A, at 33-34.

With respect to dispute resolution, the CBA provided that "[s]hould any dispute or disagreement arise between the parties hereto, or between the Union and any employer-member signatory hereto, concerning any claim arising from payments to the Fund[s] of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder."  *Id.* Ex. A, at 36.  The CBA also provided that "[t]he arbitrator shall have full and complete authority to decide any and all issued raised by the submission and to award appropriate damages" and that "[t]he arbitrator's award . . . shall be final and binding upon the parties hereto and the individual Employer, if any, and shall be wholly enforceable in any court of competent jurisdiction."  *Id.* Ex. A, at 37.  It further provided that "[t]he cost of the arbitration, including the fees to be paid to the arbitrator, shall be included in the award and shall be borne by the losing party."  *Id.*

The Funds conducted an audit of Coastal's books and payroll records covering the period of October 8, 2010 through June 29, 2013 in order to determine whether Coastal had remitted the proper amount of contributions to the Funds.  Ozard Decl. ¶ 14.  A dispute arose between the

---

(lamenting the "unfortunate tendency of courts in this Circuit to conflate review of awards under the FAA and under § 301 [of the LMRA]" and noting that "it would be error to collapse the analysis under the two statutes.").

[2] The CBA between Coastal and the Union was executed in September 2010.  Before the CBA lapsed, Coastal agreed to continue to be bound to the CBA through the signing of an Interim Compliance Agreement, which extended the CBA's terms through the time period relevant to the arbitration award at issue here.  Ozard Decl., ¶¶ 8-9; *id.* Ex. B.

parties when Coastal failed to remit the unpaid contributions revealed by the audit. *Id.* ¶ 15. Pursuant to the CBA, the Funds initiated arbitration.

After providing notice to both parties, the arbitrator held a hearing in August 2015. *Id.* ¶¶ 18-19 & Ex. E (Award) at 1. At the hearing, Petitioners appeared through counsel and submitted testimony and other evidence in support of their position. *Id.* Ex. E, at 1. No representative appeared at the hearing on behalf of Coastal. *Id.* at 1-2. On August 17, 2015, the arbitrator determined that, based on the "substantial and credible" evidence presented at the hearing, Coastal owed the Funds $30,343.96 in unpaid benefit contributions, $4,485.56 in interest, $6,105.95 in liquidated damages, $259.01 in late payment interest, $736.73 in non-audit late payment interest, $254.80 in assessments to the Promotional Fund, $400.00 in court costs, $1,500 in attorneys' fees, $500 for the arbitrator's fee, and $13,340.00 in audit costs, for a total award of $57,926.01. *Id.* at 2-3. The arbitrator also awarded interest, to accrue at the rate of 5.25% from the date of issuance of the award. *Id.* at 3.

On July 27, 2016, Petitioners commenced the instant confirmation action, asserting that Coastal had not satisfied the award. *See* ECF No. 1. On August 1, 2016, Petitioners filed an amended petition. ECF No. 8. The Court directed Petitioners to file any declarations and affidavits with which it intended to support its petition by November 10, 2016 and directed Coastal to file any opposition by December 1, 2016. ECF No. 11. On November 10, 2016, Petitioners filed their motion for summary judgment. ECF No. 13.

Petitioners served their amended petition and summons on Coastal on October 14, 2016. ECF No. 10. They served the Court's scheduling order on October 27, 2016, ECF No. 12, and they served their motion for summary judgment on November 10, 2016. ECF No. 18. Despite being properly served with the amended petition, Petitioners' motion for summary judgement, and the Court's order setting forth deadlines for opposing that motion, Coastal has not appeared in this action.

## II.   DISCUSSION

### A.   The Arbitration Award

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).  "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers East*, No. 11-cv-04421 (ENV)(RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

"Because [t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of [arbitration] awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (citation and internal quotation marks omitted); *see also Harry Hoffman Printing, Inc. v. Graphic Communications Int'l Union, Local 261*, 950 F.2d 95, 97 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)).  "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006).  Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks

omitted).

Here, there is no indication that the arbitrator's award was procured through fraud or dishonesty or that the arbitrator was acting in disregard of the CBA or outside the scope of his broad authority to resolve any dispute between the parties regarding contributions. Rather, the record indicates that the arbitrator based his award on undisputed evidence that Coastal failed to make $30,343.96 of benefit contributions to the Funds, in violation of the CBA. The record also indicates that the arbitrator based his award of interest and various costs on the provisions of the CBA and related agreements, as well as undisputed testimony. Accordingly, Petitioners' motion is granted and the award is confirmed.

### B.  Post-award Prejudgment Interest

Petitioners have also requested that the Court award prejudgment interest at the rate of 5.25%—the post-award rate set by the arbitrator—for the period between the award and the date of judgment in this action. Am. Pet., ECF No. 8, at 7. The Second Circuit has noted that in the context of actions to confirm arbitration awards there is "a presumption in favor of prejudgment interest." *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984). Accordingly, district courts in this Circuit "have exercised their discretion to award prejudgment interest when confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'" *Serv. Employees Int'l Union, Local 32BJ, AFL-CIO v. Stone Park Assocs.*, LLC, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) (collecting cases). Moreover, the arbitrator has already awarded this interest. Ozard Decl., Ex. E, at 3. Accordingly, it will be encompassed within the Court's confirmation of the arbitrator's award.

### C.  Attorneys' Fees and Costs

Petitioners also request $11,377.50 in attorneys' fees and $615.48 in costs. Generally, "in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory

authority for the award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). Section 301 of the LMRA does not provide for the recovery of attorneys' fees. *Id.* However, "[p]ursuant to its inherent equitable powers . . . a court may award attorney's fees when the opposing counsel acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). In the context of confirmation proceedings, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (quoting *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999 (2d Cir. 1982)).

Here, an award of fees and costs is justified. By entering into the CBA, Coastal agreed to submit to arbitration of disputes at the option of either party to the agreement. Coastal failed to participate in the arbitration proceeding, despite having been duly notified of the hearing. Coastal also failed to satisfy the award, and subsequently failed to oppose the instant petition to confirm the award. In so doing, Coastal has failed to offer any justification for its refusal to abide by the decision of the arbitrator. *See, e.g.*, *E. Millenium Constr.*, 2003 WL 22773355, at *3 (awarding fees and costs where defendant "chose not to participate in the arbitration proceedings or even to oppose Plaintiffs' application for confirmation of the arbitration award"). Moreover, Petitioners are entitled under the CBA to collect reasonable attorneys' fees and costs incurred in collecting delinquent contributions. Ozard Decl. Ex. A, at 33. The Funds' Collection Policy[3] further states that "[a]ttorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spent by Collection Counsel in collection efforts" and that "[a]ll recoverable costs actually incurred in court or other legal actions or the collection of delinquent contributions . . . shall be assessed against the delinquent employer." *Id.* Ex. C, at 8-9.

---

[3] Coastal is bound to the Funds' Collection Policy by the CBA. Ozard Decl., Ex. A, at 46-47.

6

Finally, an award of attorneys' fees will further the federal policy in favor of settling labor disputes by arbitration.

In support of their request for fees and costs, Petitioners submitted an invoice, listing the completed tasks, attorneys' hourly rates, and billed hours, as well as their costs. ECF No. 17, Decl. of Todd Dickerson, Ex. F. In total, Petitioners incurred 51.2 hours of legal work at the rates of $300/hour for partners and "of counsel," $225/hour for associates and law clerks, and $100/hour for paralegals. *Id.* ¶¶ 4-9 & Ex. F. Petitioners' costs consist primarily of the court filing fee and process server charges. *Id.* Ex. F.

The Court has reviewed these contemporaneous records and has determined that the amounts requested are reasonable. *See* ECF No. 17, Decl. of Todd Dickerson, Ex. F. Accordingly, Petitioners' request for attorneys' fees and costs is granted.

## III.   CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to enter judgment in favor of Petitioners and against Coastal in the amount of $69,918.99—which consists of the arbitration award of $57,926.01 plus $11,992.98 in attorneys' fees and costs incurred in the instant action—plus prejudgment interest on the arbitration award at the rate of 5.25% per annum from the date of the award (August 17, 2015) to the date of judgment. Post-judgment interest will accrue pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated:  December 16, 2016
New York, New York

_____
GREGORY H. WOODS
United States District Judge